UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY O'NEAL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:16-cv-01063-JAR |
|  | ) |  |
| MICHAEL BOWERSOX, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Anthony O'Neal's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254. (Doc. 1.) The government responded (Doc. 9), and Petitioner replied (Doc. 14). For the following reasons, Petitioner's petition is **DENIED** and this action is **DISMISSED with prejudice.**

**Introduction and Background**

Petitioner is currently serving a life sentence for the second-degree murder of his then-girlfriend's fourteen-month-old daughter. *State v. O'Neal*, No. ED97342 (Mo. Ct. App. March 5, 2013); (Doc. 9-8.) The child had suffered numerous injuries, including burns to her arms, legs, chest, face, and back; bruising on her chest, abdomen, and back; injuries to the mouth and nose "consistent with blunt force and possible suffocation"; human bites to the cheek and abdomen; and wounds that implied sexual assault. (*Id*. at 2-3.) In addition, the child had internal injuries indicative of severe violence—five fractured ribs, a bruised lung, a lacerated liver, hemorrhages in both the pancreas and large intestine, and blood in the abdominal cavity. (*Id*.)

1

Petitioner was alone with the child when her mother left to work an overnight shift and when she returned, she found her daughter's body on the floor and Petitioner asleep in the bed. (*Id*. at 2.)

At trial, the prosecution showed the jury photos of the child's body to illustrate the extent and severity of her injuries, over counsel's objection. (Doc. 1 at 15.) The Court also admitted a video recording and written transcript of Petitioner's statement to police—which referenced Petitioner's prior requests for counsel—and the results of a "presumptive forensic test" that indicated, but could not conclusively prove, the presence of semen. (Doc. 9-8 at 3-4.) Counsel filed a motion in limine to exclude the test results but did not object at trial when the results were offered into evidence. (*Id*. at 10-12.) A jury convicted Petitioner and his subsequent motion for new trial was denied. (*Id*. at 3.)

On direct appeal, Petitioner argued that the trial court erred when it admitted his statements to police. He argued that the references to his request for counsel violated his Fifth Amendment rights against self-incrimination and that the statements themselves were the result of improper interrogation after he had requested counsel. (*Id*. at 6.) The Missouri Court of Appeals found that Petitioner voluntarily reinitiated communication after invoking his *Miranda* rights and that the references to Petitioner's requests for counsel were adduced to show the order of events and not to imply Petitioner's guilt. (*Id*. at 8-9.) In addition, the Court of Appeals concluded that any error was harmless considering the overwhelming evidence against Petitioner. (*Id*. at 9.)

Petitioner also argued on appeal that the trial court erred by admitting the test results. (*Id*. at 10.) The Missouri Court of Appeals noted that it could only review the claim for plain error because Petitioner did not object at trial when the test was discussed. (*Id*. at 12.) The court then found no error, concluding that the jury was "fully informed" of the limitations of the test and that the results, though not conclusive, were of help to the jury. (*Id*. at 13.) Petitioner's appellate

2

counsel did not raise any issue regarding the photographs. Ultimately, the Court of Appeals affirmed Petitioner's conviction and sentence.

Petitioner filed a motion for state post-conviction relief under Missouri Court Rule 29.15, reiterating both complaints regarding the admission of his statements to police and adding an argument that his appellate counsel was ineffective for not raising a claim of trial error based on the admission of the photos of the victim's body. (Doc. 9-10 at 50-56.) The trial court denied relief and Petitioner appealed, raising only his ineffective-assistance-of-appellate-counsel claim. (Doc. 9-13.) The Missouri Court of Appeals deferred to the trial court's discretion in admitting evidence and agreed that the photographs "helped explain the medical examiner's testimony, helped show the nature and location of the victim's wounds, and helped establish [Respondent's] intent to kill or seriously injure the victim." (*Id*. at 6.) Finding that any claim of trial error based on the admission of the photos "certainly would have been denied" on direct appeal, the Court of Appeals found that appellate counsel was not ineffective for failing to raise the claim and affirmed the trial court's denial of post-conviction relief. (*Id*.)

Petitioner then filed this petition, advancing four grounds for habeas relief: (1) ineffective assistance of appellate counsel based on the failure to argue that admitting the photos was trial error; (2) trial error based on the admission of statements alluding to Petitioner's requests for counsel; (3) trial error based on the admission of Petitioner's statements to police made after invoking his right to remain silent; and (4) trial error based on the admission of presumptive testing results. (Doc. 1.) Respondent argues that Ground 3 is procedurally defaulted because Petitioner did not raise it on direct appeal and that Ground 4 is barred because the Missouri Court of Appeals reviewed it only for plain error. (Doc. 9 at 4.) In addition, Respondent argues that all four grounds fail on their merits. (*Id*. at 7-11.) Petitioner argues that the failure to raise Ground 3 on direct appeal was due to appellate counsel's ineffective

3

assistance and that Respondent's procedural argument regarding Ground 4 is inconsistent with the Eighth Circuit's application of Missouri law. (Doc. 14 at 15-17.)

**Analysis**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"'A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).

A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court's factual findings are presumed to be correct, and a state court decision

may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

### *Ground 1 – Ineffective Assistance of Appellate Counsel*

To prove ineffective assistance of counsel, a petitioner must show that his attorney's performance was objectively unreasonable, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard is "highly deferential." *Id.* at 689.

In the context of appellate counsel, petitioner must also show that the unraised claim "was plainly stronger than those actually presented to the appellate court." *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017). Effective appellate counsel should raise "only those arguments most likely to succeed." *Id.*

Petitioner argues that the Missouri Court of Appeals invented a strategic reason for appellate counsel's failure to challenge the admission of the photos. (Doc. 14 at 17-19.) Petitioner's argument is based on Court of Appeals' citation to *Zink v. State*, 278 S.W.3d 170, 176 (Mo. 2009), for the proposition that "[t]he choice of one reasonable . . . strategy over another is not ineffective assistance." (Doc. 9-13 at 3.)

This Court disagrees with Petitioner's interpretation of the Missouri Court of Appeals' reasoning. The Court of Appeals' decision makes clear that it did not deny relief because it found appellate counsel's decision strategically sound, but because it found the underlying claim meritless. After determining that admitting the photos was within the trial court's sound discretion, the Court of Appeals held that any appellate claim challenging their admission "certainly would have been denied." It is well settled that the failure to raise a meritless claim on

appeal is not ineffective assistance. *See Davila*, 137 S. Ct. at 2067; *United States v. Held*, 11 F. App'x 664, 665 (8th Cir. 2001).

## *Ground 2 – Statements Referencing Petitioner's Requests for Counsel*

In his second ground for relief, Petitioner argues that the trial court erred in admitting a video recording of statements by police that reference his requests for counsel. The State may not use a defendant's post-arrest silence or request for counsel as evidence of his guilt. *Doyle v. Ohio,* 426 U.S. 610 (1976). That said, if an arrestee voluntarily reverses his decision by later reinitiating contact with police, there is no violation, *see Ervin v. Bowersox*, 892 F.3d 979, 983 (8th Cir. 2018), and even if a *Doyle* violation occurs, the defendant is not entitled to relief if the violation "was harmless beyond a reasonable doubt," *United States v. Martin*, 391 F.3d 949, 955 (8th Cir. 2004), *as corrected* (Jan. 4, 2005).

The Missouri Court of Appeals described the factual basis for this ground as follows:

At police headquarters, Detective Cavaletti and Detective Clayborn interviewed Defendant and recorded the interview on a DVD. Defendant initially invoked his Miranda rights. However, during the recorded interview, which was between two-and-a-half and three hours in length, Defendant had to use the restroom. As another detective, Detective Nickerson, escorted Defendant to the restroom, Defendant informed Detective Nickerson that he wished to make a statement about what had happened. Detective Nickerson informed Defendant that the police could not initiate a conversation with Defendant but that Defendant could tell the detectives what had happened if he so desired. Detective Nickerson then re-advised Defendant of his Miranda rights, and clarified that Defendant had previously said that he did not wish to make a statement and wanted an attorney but had changed his mind and wanted to talk to police. Defendant affirmed that he wanted to make voluntarily statements to police and told Detective Nickerson that he could question Defendant.

(Doc. 9-8 at 8-9.) Prior to trial, the government agreed to redact the references to Petitioner's requests for counsel but an unredacted version of the DVD was played for the jury. (*Id*. at 9.) Petitioner moved for a mistrial, but the trial court denied the motion on the ground that the statements on the video were merely an "allusion" to Petitioner's requests for counsel. (*Id*.)

6

On direct appeal, the Missouri Court of Appeals rejected Petitioner's argument, finding that the "references to [Petitioner's] previous request for an attorney were not offered as evidence of [Petitioner's] guilt but were only contextual statements within the chronology of [Petitioner's] interview with police." (*Id.*) The Court of Appeals also found that when Petitioner had voluntarily reinitiated contact with officers, his prior silence became admissible. (*Id.* at 8-9 (citing *State v. Pierce*, 932 S.W.2d 425, 428 (Mo. Ct. App. 1996); *State v. Frazier*, 927 S.W.2d 378, 380 (Mo. Ct. App. 1996)).) Finally, the Court of Appeals found that any potential error was "harmless beyond a reasonable doubt in light of the overwhelming evidence supporting the conviction." (*Id.* at 9 (citing *State v. Tims*, 865 S.W.2d 881, 886 (Mo. Ct. App. 1993)).)

Petitioner takes issue with the Missouri Court of Appeals' denial of this ground for a more basic reason: any statement made to police was "fruit of the poisonous tree" following the medical examiner's improper interrogation of Petitioner before he was taken to the police station. (Doc. 14 art 19-23.) Petitioner explains that the medical examiner joined him in the back seat of a locked police cruiser and asked him to recreate the scene inside the residence using a doll. (*Id.* at 20.) The medical examiner knew that Petitioner had not yet been Mirandized. (*Id.*) Because Petitioner's responses to the medical examiner were unconstitutional, Petitioner argues, they and any further information obtained by police—including statements made after he voluntarily reinitiated contact—were inadmissible. (*Id.* at 21-22.)

"A state court's evidentiary ruling is a matter of state law, and [federal courts] may examine the ruling in a habeas proceeding only to determine whether the asserted error denied due process." *Bailey v. Lockhart*, 46 F.3d 49, 50 (8th Cir. 1995). A ruling violates due process only when it is "so conspicuously prejudicial or of such magnitude as to fatally infect the trial." *Osborne v. Purkett*, 411 F.3d 911, 917 (8th Cir. 2005). The evidentiary mistake must be "so egregious that they fatally infected the proceedings and rendered his entire trial

7

fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995) (quoting *Hamilton v. Nix*, 809 F.2d 463, 470 & n. 4 (8th Cir. 1987)).

This Court agrees with the Missouri Court of Appeals that the admission of the references to Petitioner's requests for counsel not only falls short of being "conspicuously prejudicial," *Osborne*, 411 F.3d at 917, but were actually harmless. "An otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that [any] constitutional error was harmless beyond a reasonable doubt." *Edwards v. Griffith*, No. 4:16-CV-1273-RWS-NAB, 2019 WL 3083289, at *7 (E.D. Mo. June 3, 2019), *report and recommendation adopted,* No. 4:16 CV 1273 RWS, 2019 WL 3082589 (E.D. Mo. July 15, 2019) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986)). "To rely on this doctrine, the state must demonstrate that the challenged evidence did not contribute to the defendant's conviction." *Id*. (citing *Arizona v. Fulminante*, 499 U.S. 279, 296 (1991)).

There was overwhelming evidence of Petitioner's guilt:

> Victim was Defendant's girlfriend's 14-month-old daughter. On March 11, 2009, Defendant's girlfriend (Girlfriend) intended to take Victim to Girlfriend's cousin's home to stay while Girlfriend worked the overnight shift at a nursing home. However, Defendant insisted that Girlfriend leave Victim with Defendant. Defendant and Victim stayed at Girlfriend's mother's apartment alone when Girlfriend went to work at about 10:20 p.m. Victim was dressed in a pink jumper over a diaper when Girlfriend left. Girlfriend's mother was not present at the apartment. When Girlfriend returned to the apartment at approximately 9:00 a.m. the next day, she found Defendant asleep in the bed and Victim dead on the floor. Victim's pink jumper was lying on a love seat. Victim was wearing only a loose, incorrectly fastened diaper. Victim had sustained numerous injuries, including a closed-head injury that caused her brain to separate from her skull. Victim also sustained burns to the arms, legs, chest, face, and back; bruises on the chest, abdomen, and back; five fractured ribs; a bruised lung and lacerated liver; hemorrhaging in the pancreas and large bowel; a bruise to the small bowel with an accumulation of blood in the abdominal cavity; injuries to the mouth and nose consistent with blunt force and possible suffocation; human bites to the cheek and abdomen; tears to the anus and inside the rectum, which inferred a sexual assault. None of the injuries were old injuries, yet Victim had no injuries when Girlfriend had left for work the night before. All of the injuries had occurred within a short period of time. Later, forensic tests revealed that DNA consistent with Victim's

> DNA had been found in a blood stain on the left leg of Defendant's pajama pants. Victim's DNA could not be excluded from other stains found on Defendant's pajama pants and boxer shorts.

(Doc. 9-8 at 2-3.) That evidence alone, presented through the child's mother and the medical examiner, was more than sufficient to convict Petitioner. That Petitioner previously requested counsel did not contribute to his conviction and therefore the Missouri Court of Appeals' denial of this ground was not an unreasonable application of law or fact.

### *Ground 3 – Statements Made to Police*

In his third ground for relief, Petitioner argues that the trial court erred in admitting statements he made to police after invoking his right to counsel. (Doc. 1 at 15.) Respondent argues that this ground is procedurally defaulted because Petitioner failed to raise it on direct appeal. (Doc. 9 at 4 (citing Doc. 9-6).)

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The failure to exhaust is considered a procedural default where, as here, the deadline for raising the issue has passed. *See* Coleman *v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

Petitioner argues that his default should be excused because it was due to the ineffective assistance of appellate counsel, citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (Doc. 14 at 15-16.) *Martinez* stands for the proposition that the failure to exhaust an ineffective-assistance-of-counsel claim may be excused if the failure to exhaust is attributable to a second case of ineffective assistance of counsel. *Martinez*, 132 S. Ct. at 1321. In other words, if Petitioner can show that competent counsel would have raised the issue, the failure to raise it will not bar review.

The Court notes, however, that Petitioner's third ground is not an ineffective-assistance claim but a claim of trial court error. Other than a passing reference to his Sixth Amendment rights (Doc. 1 at 15), Petitioner make no argument that counsel is to blame for the admission of the statements. Nor could he; whether to admit the statements was in the sole discretion of the trial court. *Martinez* does not excuse the failure to raise such a claim. 132 S. Ct. at 1321.

In any event, like Petitioner's second ground, habeas relief does not lie for a state court's application of state evidentiary laws. *Bailey*, 46 F.3d at 50. The evidence at trial showed that Petitioner voluntarily reinitiated the interrogation and that therefore admitting Petitioner's statements did not offend his Fifth Amendment rights. (*See* Doc. 9-6 at 18-19.) As for anything Petitioner told the medical examiner before being read his *Miranda* warnings, the Court concludes, based on the same overwhelming evidence described above, any error was harmless beyond a reasonable doubt. *Van Arsdall*, 475 U.S. at 681.

### *Ground 4 – Admission of Forensic Test Results*

In his final ground for relief, Petitioner argues that the trial court erred when it admitted presumptive test results that indicated the presence of semen on the victim. (Doc. 1 at 15.) Respondent first argues that the Court cannot grant relief on this claim because it is procedurally defaulted. (Doc. 9 at 4.) Specifically, Respondent argues that because Petitioner did not object to the admission of the test results at trial, he failed to preserve the issue for post-conviction review. (*Id*.) The failure to preserve an issue bars a review of a claim on its merits and, at most, the Missouri Court of Appeals will review it only for plain error. *Cunningham v. Roper*, No. 4:05-CV-1460 CAS, 2008 WL 2775859, at *9 (E.D. Mo. July 14, 2008). Respondent cites *Clark v. Bertsch*, 780 F.3d 873, 876-77 (8th Cir. 2015), for the proposition that plain error review by the state court bars habeas review by the federal court.

Petitioner argues that *Clark* relies on South Dakota's stricter standards and that *Bannister v. Armontrout*, 4 F.3d 1434, 1445 (8th Cir. 1993), reviewing a Missouri case, held that plain error review does not bar habeas review. (Doc. 14 at 16-17.) This argument ignores the rationale behind the *Clark* Court's decision; the court recognized the split among the district courts in the Eighth Circuit and held that it was bound by its earliest holding: that plain error review does not excuse procedural default. 780 F.3d 877. That holding applies equally to this case to bar habeas review of Petitioner's fourth ground.

Nonetheless, the Court finds that this ground fails for the same reasons his second and third ground fail: a state court's application of state law will not support habeas relief unless it "fatally infected the proceedings and rendered his entire trial fundamentally unfair." *Anderson*, 44 F.3d at 679. Given the overwhelming evidence of Petitioner's guilt, the introduction of the test results did not render his trial unfair, particularly in light of the fact that they were challenged by Petitioner's counsel in his cross examination of the government's expert witness.

Accordingly

**IT IS HEREBY ORDERED** that Petitioner Anthony O'Neal's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 10th day of September, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE